UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

```
CLERK'S OFFICE U.S. DIST. COURT
       AT ROANOKE, VA
           FILED
       JUN 0 8 2005
JOHN F. CORCORAN, CLERK
BY: /s/
         DEPUTY CLERK
```

| | |
|---|---|
| PATRICIA A. WREN                              ) | |
|                         Complainant           ) | |
|                                               ) | |
| V.                                            ) | |
|                                               ) | |
| CIGNA HEALTHCARE OF VIRGINIA, INC.            ) | |
| T/A CIGNA HEALTHCARE                          ) | |
| C/O CT Corporation System, Registered Agent   ) | Civil Action No. 7:05·CV·00344 |
| 4701 Cox Road, Suite 301                      ) | |
| Glen Allen, VA 23060-6802                     ) | |
|                                               ) | |
| CIGNA HEALTHCARE CORPORATION                  ) | |
| T/A CIGNA HEALTHCARE                          ) | COMPLAINT FOR |
| C/O CT Corporation System, Registered Agent   ) | |
| 4701 Cox Road, Suite 301                      ) | DECLARATORY JUDGMENT |
| Glen Allen, VA 23060-6802                     ) | |
|                                               ) | |
| PRIMAX RECOVERIES INCORPORATED                ) | |
| 1301 Basswood Road                            ) | |
| Schaumburg, Illinois 00173                    ) | |
|                                               ) | |
| CONNECTICUT GENERAL LIFE                      ) | |
| INSURANCE COMPANY                             ) | |
| a CIGNA Company                               ) | |
| C/O E. Ford Stephens, Registered Agent        ) | |
| 1200 Mutual Bldg.                             ) | |
| 909 E. Main Street                            ) | |
| Richmond, VA 23219-3095                       ) | |
|                                               ) | |
| OUTBACK STEAKHOUSE                            ) | |
| OF FLORIDA, INC.                              ) | |
| C/O CT Corporation System, Registered Agent   ) | |
| 4701 Cox Road, Suite 301                      ) | |
| Glen Allen, VA 23060-6802                     ) | |
|                                               ) | |
|                         Respondents           ) | |

TO: THE HONORABLE JUDGES OF SAID COURT

The Complainant, Patricia A. Wren, hereby moves the Court, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, to adjudicate certain rights, obligations and declaratory relief between the Complainant, and the Respondents on the grounds hereinafter set forth.

## JURISDICTION AND VENUE

The Complainant brings this action pursuant to 29 USCS §1132 as a participant and/or beneficiary of a qualified plan under the Employee Retirement Income Security Act. The district courts of the United States have exclusive jurisdiction of civil actions under this title brought by a participant and/or beneficiary under said plan. This action is brought pursuant to 28 USC § 2201 to adjudicate certain rights and obligations between the Complainant, and the Respondents. Venue is placed in this district because it is where the Complainant resides and where the events subject to declaratory judgment occurred.

## GROUNDS FOR DECLARATORY RELIEF

As grounds for the relief sought herein, the Complainant would show unto the Court the following, to-wit:

1. On September 27, 2002, the Complainant, Patricia A. Wren, was a passenger on a 2001 Harley Davidson Motorcycle owned and operated by Barry R. Smith which collided with a vehicle operated by Brenton Dean Underwood on Virginia Secondary Route 52 in Wythe County, Virginia. As a result of the accident aforesaid, the Complainant suffered severe and permanent injuries and has incurred and continues to incur substantial medical expenses as a result of said injuries.

2. Complainant's claim, arising out of the aforesaid accident, has been settled for the sum of $300,000.00. After payment of counsel fees, costs, and uninsured medical costs, the sum of

$150,000.00 has been retained in escrow by Complainant's attorney as a result of a lien notice as hereinafter set forth.

3. At the time of the accident hereinabove described, the Complainant was an employee of the Outback Steakhouse of Florida, Inc. (hereafter referred to as "Outback") located in Christiansburg, Virginia, within the jurisdiction of this court. As part of her employment benefits, the Complainant was a participant in an Employee Welfare Benefit Plan (the "Plan") sponsored by Outback which provided health insurance by CIGNA Healthcare of Virginia, Inc., t\a CIGNA HealthCare, -ES Proclaim STD, or its agents. To the best of Complainant's knowledge and belief the health care plan provided to the Complainant was an ERISA qualified plan which was administered by Connecticut General Life Insurance Company, as trustee.

4. Outback furnished to the Complainant a "Guide to Your Benefits" by CIGNA HealthCare. The "Guide" expressly states that "This document printed on September 13, 2002, takes the place of any documents previously issued to you which described your benefits." This was the only information furnished to Complainant concerning her health benefits. A copy of said guide is attached hereto as Exhibit 1, and made a part hereof.

5. Outback's health plan was described in a press release printed by the St. Petersburg (Fla.) Times on February 28, 2002, a copy of which is attached hereto as Exhibit 2, and made a part hereof. As a participant in said plan, a premium was deducted from Complainant's earnings for payment of premiums for said coverage.

6. CIGNA Healthcare of Virginia, Inc., and\or its agents, have paid the medical expenses incurred by the Complainant as a result of the accident hereinabove described.

7. On May 12, 2003, Primax Recoveries Incorporated,  alleged authorized

subrogation/reimbursement agent for CIGNA Healthcare Corporation, gave "Notice of Lien to Attorney", a copy of which is attached hereto as Exhibit 3 and made a part hereof. A lien is claimed in the amount of $93,458.38 for amounts paid under Outback's ERISA qualified plan.

8. The ERISA plan was an employer-employee funded plan and was not self-funded. Premiums for health insurance coverage for the Complainant and other employees of Outback were paid by payroll deduction.

9. Complainant alleges that the Notice of Lien is invalid, and CIGNA in its own behalf, or as agents for others, is not entitled to subrogation. Section 38.2-3405 A, Code of Virginia, 1950, as amended, expressly provides in part as follows:

> A. No insurance contract providing hospital, medical, surgical and similar or related benefits, and no subscription contract or health services plan delivered or issued for delivery or providing for payment of benefits to or on behalf of persons residing in or employed in this Commonwealth shall contain any provision providing for subrogation of any person's right to recovery for personal injuries from a third person.

10. Complainant alleges that the aforesaid lien notice and the right to subrogation asserted by Respondents is invalid and prohibited by Section 38.2-3405 A, Code of Virginia, 1950, as amended. Said code section on its face is for the purpose of regulating insurance contracts in the Commonwealth of Virginia.

11. CIGNA through its agent, Primax Recoveries Incorporated, asserts that all ERISA plans which contain a subrogation clause preempts Section 38.2-3405 A, Code of Virginia, 1950, and to the best of the Complainant's information and belief, has exercised subrogation rights in behalf of CIGNA against other plan participants in identical or similar plans under identical or similar circumstances as described herein.

12. To the best of Complainant's information and belief, CIGNA and/or its agents have represented to Complainant and others similarly situated that numerous CIGNA Health Plans are self funded and controlled by ERISA, when the plan herewith concerned, and others administered throughout the Commonwealth of Virginia, are not self funded and are subject to the provisions of Section 38.2-3405 A, Code of Virginia, 1950, as amended. To the best of Complainant's information and belief, large sums have been collected from CIGNA health plan participants in similar or identical circumstances as Complainant's in violation of the aforesaid Virginia Code.

13. Complainant asserts that the relief sought herein is representative of a class as contemplated by Rule 23 of the Federal Rules of Civil Procedure in the following particulars:

    A. the class is so numerous that joinder of all members is impracticable,

    B. there are questions of law or fact common to the class,

    C. the claims or defenses of the representative parties are typical of the claims or defenses of the class, and

    D. Complainant will fairly and adequately protect the interests of the class.

14. Declaratory judgment is appropriate to guide the parties in their future conduct in relation to each other, thereby relieving both the Complainant and Respondents from the risk of taking undirected action incident to their rights, which action, without direction, would jeopardize their interests.

Pursuant to 28 USC § 2201, the Complainant hereby moves the Court to adjudicate certain rights and obligations between the Complainant, and the Respondents, as follows:

    A. That the Court rule that Section 38.2-3405 A, Code of Virginia, 1950, preempts the provisions of ERISA, in that the provisions of said section is

        for the purpose of regulating insurance contracts in the Commonwealth of Virginia. That the court find that the Respondents are not entitled to subrogation against Complainant or the class which she purports to represent.

B.     That the court find and declare that any sums collected by Respondents from class members in violation Section 38.2-3405 A, Code of Virginia, 1950, be refunded to those class members.

C.     That the court find that the "Notice of Lien to Attorney" given to Complainant's counsel, as hereinabove described, is null, void, and of no effect as a violation of Section 38.2-3405 A, Code of Virginia, 1950.

D.     That this declaratory action be certified as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

E.     That Complainant be awarded attorney fees and costs.

F.     That Complainant be granted such other and further relief as the nature of this cause may require.

WHEREFORE, pursuant to 28 U.S.C. § 2201, the Complainant hereby moves the Court to adjudicate the rights and obligations between the Complainant, and the Respondents as aforesaid, and that Complainant be awarded attorneys fees and costs expended in her behalf.

                                                        Respectfully Submitted,
                                                        **PATRICIA A. WREN**

                                                        By: _____
                                                                Counsel

B. K. Cruey, Esquire
3980 Old Town Road
P.O. Box 498
Shawsville, Virginia 24162
Tel. 540-268-2002
Fax. 540-268-2004
Va. State Bar No. 03349
      Counsel for Complainant