```
                                              CLERK'S OFFICE U.S. DIST. COURT
                                                    AT ROANOKE, VA
                                                         FILED
                                                    FEB 1 5 2006
                                              JOHN F. CORCORAN, CLERK
                                              BY:
                                                    DEPUTY CLERK
```

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| PATRICIA A. WREN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:05-CV-00344 |
| | ) | |
| v. | ) | |
| | ) | |
| CIGNA HEALTHCARE OF | ) | MEMORANDUM OPINION |
| VIRGINIA, INC., trading as Cigna | ) | |
| Healthcare; CIGNA HEALTHCARE | ) | |
| CORPORATION, trading as Cigna | ) | |
| Healthcare; PRIMAX RECOVERIES | ) | By: James C. Turk |
| INC.; CONNECTICUT GENERAL | ) | Senior United States District Judge |
| LIFE INSURANCE COMPANY, | ) | |
| a CIGNA Company; OUTBACK | ) | |
| STEAKHOUSE OF FLORIDA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Patricia A. Wren, a former employee at Outback Steakhouse of Florida, Inc. (Outback), and participant in an Employee Retirement Income Security Act (ERISA) plan, brings this action pursuant 29 U.S.C. § 1132 against defendants to adjudicate certain rights and obligations under the plan.[1] Pursuant to 28 U.S.C. § 2201, Wren seeks a declaratory judgment clarifying whether the subrogation clause in Outback's ERISA plan preempts Virginia Code § 38.2-3405, which prohibits subrogation rights in insurance contracts from personal injury awards; and whether defendants are therefore entitled to subrogation from settlement monies paid to Wren for injuries she sustained in a motor vehicle accident. Wren also seeks certification

---

[1] Under Outback's ERISA plan, defendants CIGNA Healthcare and its subsidiaries or affiliates provided health insurance to participants; defendant Connecticut General Life Insurance Company administered the plan as trustee; and defendant Primax Recoveries Incorporated, as the agent for CIGNA Healthcare, authorized subrogation to CIGNA Healthcare and noticed the lien on Wren's settlement money.

as representative of a class under Federal Rule of Civil Procedure 23. Defendants noticed a lien to Wren's attorney on her settlement money in the amount of $93,458.38 and maintain that under Outback's ERISA plan they are entitled to this reimbursement because this was the amount paid by defendants for Wren's medical bills.[2] This matter is before the court on defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on grounds that this action is barred by the doctrine of *res judicata* because Wren previously litigated and lost this case in state court. Additionally, defendants request costs and fees for having to respond to Wren's complaint. An in-chambers hearing was held on January 23, 2006, at which the parties presented oral arguments concerning this motion. Upon review of the facts and allegations set forth in Wren's complaint in the light most favorable to her under Rule 12(b)(6), the court finds that this action is barred by *res judicata*; and therefore will grant defendants' motion to dismiss this action with prejudice, but will deny their request to recoup costs and fees; and will deny Wren's motion for class certification.

## I.

The facts alleged by Wren in her complaint are as follows. On September 27, 2002, Wren was a passenger on a motorcycle owned and operated by a third party. The motorcycle collided with another vehicle. As a result of this accident, Wren suffered severe and permanent injuries and has incurred and continues to incur substantial medical expenses. Wren settled her claims arising out of this accident for $300,000. At the time of the accident, Wren was an employee of Outback, and a participant in an ERISA plan (the plan) administered by Connecticut

---

[2]Wren settled for the sum of $300,000 on her personal injury claims arising from the accident. After paying Wren's counsel fees, costs, and uninsured medical costs, Wren's attorney placed the remaining sum of $150,000 in escrow as a result of the notice of the lien.

General Life Insurance Company (Connecticut General) as trustee. As part of Wren's benefits under the plan she received health insurance from CIGNA Healthcare of Virginia, Inc. (CIGNA). CIGNA and/or its agents paid Wren's medical expenses incurred as a result of the accident in the amount of $93,458.38. On May 12, 2003, Primax Recoveries Incorporated (Primax), acting as CIGNA's subrogation agent, noticed a lien to Wren's attorney for the amount paid on Wren's medical expenses under the plan. As a result of the lien, and after paying her counsel fees, costs, and uninsured medical costs, Wren's counsel placed the remaining $150,000 of her settlement money in escrow. Wren contends that the plan was not self-funded, but was an employer-employee funded plan because premiums for health insurance coverage for Wren and other Outback employees were paid by payroll deduction. On these facts, Wren alleges that CIGNA therefore is not entitled to the lien or subrogation because Virginia statutory law which regulates insurance contracts prohibits it pursuant to Va. Code Ann. § 38.2-3405(A). Additionally, Wren contends that because CIGNA, through Primax, asserts that all ERISA plans which contain a subrogation clause preempts Virginia law, and has exercised subrogation rights on behalf of CIGNA against other plan participants in identical or similar plans throughout Virginia, and has also administered and represented its plans as self-funded when they are actually employer-employee funded, it has therefore collected large sums of money from plan participants in violation of Virginia law. For these reasons, Wren seeks to be certified as representative of a class under Rule 23; and seeks declaratory relief pursuant to 28 U.S.C. § 2201 that the Virginia anti-subrogation law preempts the provisions of ERISA in this case, and that the lien is therefore invalid. At the in-chambers hearing on defendants' motion to dismiss, Wren additionally maintained that the state court action was void because that court had no jurisdiction to rule that

3

the provisions of ERISA preempt state law because federal courts have exclusive jurisdiction over her claims in this action; and that the state action is also void because Wren failed to include all the required parties as defendants.

Defendants base their motion to dismiss this action under Rule 12(b)(6) on grounds that Wren previously litigated and lost this action in state court, and therefore the doctrine of *res judicata*, or alternatively the Rooker-Feldman doctrine now bars relitigation or review of this action before this court. Defendants also seek costs and fees for having to respond to this meritless complaint. To support its motion, defendants direct the court's attention to the attachments to its motion to dismiss from the state court action and that court's decision. Defendants also state that each of the attachments is a public record of unquestioned authenticity that is pertinent to Wren's claims, and because these attachments are a matter of public record from the state court action, this court is not required to convert defendants' motion to dismiss to a motion for summary judgment should it consider and/or rely upon them. Wren does not contest the authenticity of these attachments concerning the state court action or that court's decision.

The court takes judicial notice of the state court pleadings, letter opinion, and orders of this action. The following facts are public record from the litigation of this action in state court and are taken from defendants' attachments to its motion to dismiss. Wren filed an action in Circuit Court for the County of Montgomery alleging the same claims and stating the same arguments based upon the same facts under the same Virginia statutory law as set forth in the case at bar. In that action, Wren sought declaratory relief to clarify the parties' rights and obligations under the plan and requested that the state court find Primax's notice of lien for $93,458.38 be voided on grounds that Va. Code Ann. § 38.2-3405 prohibits subrogation for

4

medical expenses paid by health insurance companies from individuals who recover money for personal injuries from third persons; that the plan was not self-funded but was employer-employee funded; and that Virginia law preempts the subrogation clause in Outback's ERISA plan. Wren named only the CIGNA parties as defendants. On August 9, 2004, by letter opinion, and on October 13, 2004 by order the circuit court denied Wren's petition for declaratory judgment and held that Outback's plan was a self-funded plan, ERISA preempts state law, defendants had valid subrogation rights and the lien was valid. After the court's ruling, Wren motioned for rehearing which the court denied, and then motioned for nonsuit on grounds that all necessary and required parties were not named as defendants in the action—Primax, Outback, and Connecticut General—which the court also denied. Wren did not file a petition for appeal to the Supreme Court of Virginia.

## II.

This matter is before the court on defendants' Rule 12(b)(6) motion to dismiss. A Rule 12(b)(6) motion should not be granted unless it is clear as a matter of law, after accepting the facts alleged in the complaint as true and construing the allegations in the light most favorable to the plaintiff, that the court could not grant relief under any set of facts the plaintiff could prove consistent with his allegations. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir. 1989). Additionally, dismissal under Rule 12(b)(6) is improper "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Construing the facts and allegations presented by Wren in her favor, there is no way she could be granted relief. See Fed. R. Civ. P. 12(b)(6).

## A.

In the action at bar, Wren maintains that the state court's decision concerning her claims, the same claims she now asserts here in federal court, is void. To support this claim Wren argues that the state court lacked subject matter jurisdiction because ERISA actions fall within the exclusive jurisdiction of the federal courts. However, the record from the state action shows that Wren did not file her action under an ERISA statute, nor did she plead any ERISA claims. In the state action, Wren named as respondents CIGNA defendants[3] and filed a petition for declaratory judgment of certain rights and obligations between the parties under two state statutes: (1) Va. Code Ann. § 8.01-184, which provides state courts with the power to issue declaratory judgments;[4] and (2) Va. Code Ann. § 38.2-3405(A), which prohibits subrogation provisions in

---

[3] Wren listed CIGNA Corporation; CIGNA Health Corporation; and CIGNA Healthcare of Virginia, Inc., as respondents in the state action. Respondents are the same as defendants in the action at bar. In the state action, respondents by special plea acknowledged that Wren's claims applied to all interested parties who were privies. In the action at bar, Wren maintained at the in-chambers hearing that the court should not give *res judicata* effect to the state action on grounds that she failed to name all interested parties as respondents in that action—specifically, Primax, Outback, and Connecticut General. However, Wren also raised this same argument in her motion for nonsuit before the state court; that court summarily denied her motion. Similarly, in the action at bar the court views this argument as meritless because her issues and claims are the same as those in her state action and the parties are clearly CIGNA's privies. Moreover, even were the court to find that *res judicata* does not apply simply because Wren has now named additional privies as parties, the court's reasoning and decision would be the same.

[4] Va. Code Ann. § 8.01-184 provides:

> In cases of actual controversy, circuit courts within the scope of their respective jurisdictions shall have power to make binding adjudications of right, whether or not consequential relief is, or at the time could be, claimed and no action or proceeding shall be open to objection on the ground that a judgment order or decree merely declaratory of right is prayed for. Controversies involving the interpretation of deeds, wills, and other instruments of writing, statutes, municipal ordinances and other governmental regulations, may be so determined, and this enumeration does not exclude other instances of actual antagonistic assertion and

insurance contracts providing medical or related benefits of an insured person's rights to recover for personal injuries from a third-party tortfeasor.[5] Wren maintained in the state action that the Virginia anti-subrogation statute prohibited defendants' subrogation of medical expenses from the accident paid under her plan from her settlement money, and therefore the lien was also invalid. The defendants responded that the Virginia anti-subrogation statute was preempted by ERISA because Outback's plan was a self-funded ERISA plan which contained a subrogation clause. Wren claimed that the plan was not self-funded, but was an employer-employee funded plan because employers' payments for the plan were deducted from the payroll. The state court noted that the plain language of the Summary Plan Description provides for the right of reimbursement of benefits paid from a judgment received by a plan participant from a third-party tortfeasor for personal injuries; and that the plan is self-funded. After review of the plan and its summary description, and the parties' briefs, related documents and oral arguments, the state court held by letter opinion and order that the plan was not an insurance plan, but was a self-funded ERISA plan, and that Virginia's anti-subrogation statute was therefore preempted by ERISA under the law set forth by the United States Supreme Court in FMC Corp. v. Holliday,

---

    denial of right.

[5]Va. Code Ann. § 38.2-3405(A) provides:

> No insurance contract providing hospital, medical, surgical and similar or related benefits, and no subscription contract or health services plan delivered or issued for delivery or providing for payment of benefits to or on behalf of persons residing in or employed in this Commonwealth shall contain any provision providing for subrogation of any person's right to recovery for personal injuries from a third person.

7

Case 7:05-cv-00344-JCT   Document 27   Filed 02/15/06   Page 7 of 13   Pageid#: 180

498 U.S. 52 (1990)(vacating and remanding decision of Third Circuit and holding that under 29 U. S. C. § 1144(b)(2)(B), ERISA subrogation clauses preempt all state anti-subrogation laws where the ERISA plans are self-funded).[6] The state court also held that the lien was therefore valid, and thus defendants were entitled to reimbursement of the full amount of benefits paid out for Wren's medical treatment as a result of her accident without reduction from Wren's attorney fees, totaling $93,458.38. Wren then filed a motion for rehearing followed by a motion for nonsuit; the state court denied both motions.[7] Wren then filed notice of her appeal before the Supreme Court of Virginia, but did not file a petition for appeal.

### B.

In a cause of action, a judgment "rendered upon the merits [ ] constitutes an absolute bar to a subsequent action" "upon the same claim or demand." Cromwell v. County of Sac, 94 U.S. 351, 352 (1877). Furthermore, a judgment on the merits by a court of competent jurisdiction "is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." Cromwell, 94 U.S. at 352; see also, e.g., Commissioner v. Sunnen, 333 U.S. 591, 597 (U.S. 1948) ("a final judgment on the merits of a cause of action, the parties to the suit and their privies

---

[6]The court notes that FMC Corp. v. Holliday, 498 U.S. 52 (1990) is controlling case law concerning whether ERISA subrogation clauses preempt state law where the plan is self-funded, as is the issue in the case at bar. See e.g., Thompson v. Talquin Bldg. Products Co., 928 F.2d 649, 652 (4th Cir. 1991) (reasoning that under the Court's interpretation of 29 U. S. C. § 1144(b)(2)(B) set forth in the Holliday case, self-funded employee benefit plans are free from state regulation).

[7]See supra note 3.

8

are thereafter bound not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose") (internal quotations and citation omitted). Under the doctrine of *res judicata* involving a state court judgment, "[c]ongress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so." Allen v. McCurry, 449 U.S. 90, 96 (1980). In Virginia, a judgment in a cause of action triggers *res judicata*, which "bars relitigation of the same cause of action, or any part thereof which could have been litigated, between the same parties and their privies." Davenport v. Casteen, 878 F. Supp. 871, 875 (W.D. Va. 1995) (citing, Bates v. Devers, 214 Va. 667, 669-70, 202 S.E.2d 917, 920-21 (1974); Brown v. Haley, 233 Va. 210, 215, 355 S.E.2d 563, 567 (1987)). There is no definition of privity since it is case specific, see Nero v. Ferris, 222 Va. 807, 813, 284 S.E.2d 828, 831 (1981); and the tests for privity under state and federal law are the same, compare Andrews v. Daw, 201 F.3d 521, 524-25 (4th Cir. 2000), with Dotson v. Harman, 232 Va. 402, 404-05, 350 S.E.2d 642, 644 (1986). However, "[t]he touchstone of privity for purposes of *res judicata* is that a party's interest is so identical with another that representation by one party is representation of the other's legal right." State Water Control Bd. v. Smithfield Foods, Inc., 261 Va. 209, 214, 542 S.E.2d 766, 769 (2001) (citing, Nero, 222 Va. at 813, 284 S.E.2d at 831; Storm v. Nationwide Mut. Ins. Co., 199 Va. 130, 134-35, 97 S.E.2d 759, 762 (1957)).

Wren's action before this court is clearly barred by *res judicata*. See e.g., Cromwell, 94 U.S. at 352; Davenport, 878 F. Supp. at 875; Bates, 214 Va. at 669-70; Brown, 233 Va. at 215. Wren attempts to relitigate the same declaratory cause of action she lost in state court against the

9

same CIGNA parties. See e.g., Allen, 449 U.S. at 96; Davenport, 878 F. Supp. at 875; Bates, 214 Va. at 669-70. Wren's claims and issues are nearly identical to those she litigated in state court—that the Virginia anti-subrogation law, § 38.2-2405(A), preempts ERISA and prohibits subrogation by defendants from her settlement money for the medical bills they paid on her behalf as a result of her accident on September 27, 2002, and that the plan is not a self-funded plan. See id. Wren contends that this is a new action merely because she has named additional privies as defendants—namely Outback, Connecticut General, and Primax—and because she now argues that the state court did not have subject matter jurisdiction to hear ERISA issues. There is no doubt that these parties are in privity. See State Water Control Bd., 261 Va. at 214. Outback was Wren's employer at the time of the accident and is the provider of the ERISA plan; the CIGNA parties provided healthcare to participants under the plan; Connecticut General is the administrator of the plan as trustee; and Primax is the agent for CIGNA who authorized subrogation to CIGNA and who noticed the lien on Wren's settlement money. See id. Moreover, Wren made this same argument in her motion for nonsuit before the state court, which denied her motion. Wren may not circumvent the finality of the state court judgment denying her claims by dressing up the same cause of action and relitigating it before this court. See id.

Furthermore, Wren alleges in her complaint that she brings this action pursuant to 29 U.S.C. § 1132 as a participant and/or beneficiary of a qualified plan under ERISA; and that federal courts have exclusive jurisdiction of civil actions under this title brought by a participant and/or beneficiary. Wren further states that she brings this action pursuant to 28 U.S.C. § 2201 to adjudicate certain rights and obligations between the parties. However, Wren is not able to circumvent the *res judicata* effect of the state court's judgment denying her claims by now

10

bringing suit under the ERISA statute § 1132, and by merely claiming that therefore federal courts have exclusive jurisdiction over her claims. Under 29 U.S.C. § 1132(a)(1)(B), a participant or beneficiary may bring a civil action "to clarify his rights to future benefits under the terms of the plan." Pursuant to § 1132(e)(1) state courts have concurrent jurisdiction only where actions are brought under § 1132(a)(1)(B). Although Wren fails to identify which provision of § 1132 she brings this action under, she makes clear that she seeks a declaratory judgment to clarify and/or adjudicate certain rights and obligations under the plan between the parties, just as she sought in the state action. Additionally, Wren did not raise any ERISA claims in the state action; instead she raised her claims under Virginia statutory law and the respondents raised ERISA preemption as a defense to her state law claims. Therefore, the court finds that Wren's argument that the state court lacked jurisdiction over her claims is meritless. Clearly, the state court had subject matter jurisdiction to decide her claims under Virginia statutory law, Va. Code Ann. §§ 8.01-184, 38.2-3405(A); and even were Wren to have brought her action for a declaratory judgment as an ERISA action to clarify her rights to future benefits, the state court had concurrent jurisdiction under 29 U.S.C. §§ 1132(a)(1)(B), (e)(1).

Finally, even were the court to find that this action is not barred by *res judicata*, that the state court did not have concurrent jurisdiction, and set aside the state action as void as Wren requests, the court would dismiss this action nonetheless for the same reasons set forth by the state court because ERISA preempts Virginia law. The plain language of Outback's ERISA plan summary description clearly states that it was a self-funded plan which contained a subrogation clause, and was not an insurance plan. The subrogation clause clearly retained rights to reimbursement for the defendants. Reimbursement was clearly to be paid to defendants for

11

medical expenses paid on Wren's behalf as a result of injuries caused by a third-party tortfeasor, and where she actually received money by settlement, arbitration, or otherwise. Therefore, it is also clear that under the United States Supreme Court's interpretation of ERISA as set forth in Holliday, the Virginia anti-subrogation statute, § 38.2-3405(A), is preempted by ERISA. Holliday, 498 U.S. at 58-59; 29 U. S. C. § 1144(b)(2)(B). Thus, because all state statutes are preempted by ERISA where a plan is self-funded, the court would find that defendants are entitled to reimbursement for the full amount of benefits paid out on Wren's behalf, and that the lien is valid. See Holliday, 498 U.S. at 58-59; 29 U. S. C. § 1144(b)(2)(B); see also, Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 96-97 (1983); 29 U.S.C. § 1144(a).

Therefore, it is clear as a matter of law, after accepting the facts alleged in the complaint as true and construing the allegations in the light most favorable to Wren, that the court could not grant relief under any set of facts Wren could prove consistent with her allegations. See Hishon, 467 U.S. at 73; Revene, 882 F.2d at 872; Conley, 355 U.S. at 45-46. Thus, the court finds that Wren's claims are barred by *res judicata*, and under Rule 12(b)(6) there is no way she could be granted relief. See Fed. R. Civ. P. 12(b)(6).

## C.

Additionally, Wren seeks class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure on grounds that she is representative of a class of persons in Virginia. Wren alleges that under Outback's plan, defendants have sought and/or attained subrogation of medical expenses from members of the proposed class in violation of Virginia's anti-subrogation law. Furthermore, Wren maintains that the relief she seeks is representative of a class under Rule 23(a) because the class is so numerous that joinder of all members is impracticable; there are

questions of law or fact common to the class; the claims or defenses of the representative parties are typical of the claims or defenses of the class; and Wren will fairly and adequately protect the interests of the class. However, in order to certify Wren as representative of a class based on the relief she seeks, Wren must be able to recover on her claims in this action. See Fed. R. Civ. P. 23(a)-(b). For the foregoing reasons, the court has determined that Wren may not recover on her claims because they are barred by *res judicata*, and ERISA preempts the Virginia anti-subrogation law. Therefore, because the court has determined that Wren may not recover on her claims, the court also finds that she may not fairly and adequately represent the interests of a class in this action. See id.

### III.

For the reasons stated, the court grants defendants' Rule 12(b)(6) motion to dismiss with prejudice, denies defendants motion for costs and fees associate with this action, and denies Wren's motion for class certification pursuant to Rule 23.

**ENTER**: This 15th day of February, 2006.

James C. Turk
SENIOR UNITED STATES DISTRICT JUDGE

13